## CORUM v. DALLAS RY. & TERMINAL CO.

### No. 3395.

Court of Civil Appeals of Texas. El Paso.

Sept. 3, 1936.

Haskell H. Cooper, Hoyt A. Armstrong, J. Alex Blakley, and Young, Blakley, Cooper & Armstrong, all of Dallas, for plaintiff in error.

Allen Charlton and Worsham, Burford, Ryburn & Hincks, all of Dallas, for defendant in error.

WALTHALL, Justice.

While driving his automobile, plaintiff in error came in collision with a street car operated by defendant in error in the city of Dallas at the intersection of Lindsay and Carroll streets, and was injured, and for which he sues in damages as a result of such injuries. In response to acts of negligence and contributory negligence assigned and submitted, the jury found some of the acts of negligence on the part of defendant in error were negligence and proximate causes of the collision and that some of the contributory acts of negligence on the part of plaintiff in error proximately caused or contributed to cause the collision. On the issues submitted and found, the court entered judgment for defendant in error and plaintiff in error appeals.

## Opinion.

As acts of contributory negligence on the part of plaintiff in error assigned as causing or contributing to cause the collision, defendant in error alleged that plaintiff in error's truck collided with its street car within the intersection of Lindsay and Carroll avenues, public streets in the city of Dallas; that the street car was traveling east on Lindsay street and that plaintiff in error was traveling south on Carroll street; that the state law and the city ordinance of the city of Dallas each provide that the vehicle shall yield the right of way to the one approaching from the right side; that plaintiff in error failed to observe the said state law and city ordinance and drove his truck at a high rate of speed, stating the speed, into the side of the street car.

After stating the above facts more fully than we state them, defendant in error alleged: Plaintiff in error drove his automobile within the city of Dallas at a speed of more than 20 miles an hour as he approached the place of the collision.

The court submitted the above issue as follows: "Do you find from a preponderance of the evidence that the act of the plaintiff in driving his automobile, as he approached the place of collision, at a speed of more than twenty miles an hour, proximately caused or contributed to cause the collision? Answer yes or no."

Plaintiff in error's objection to the above charge is that "it does not incorporate all of the pertinent and requisite portions of section 8, art. 827a, of the Penal Code of the State of Texas" (as amended by Acts 1931, c. 282, § 9 [Vernon's Ann.P.C. art. 827a, § 8]).

Without quoting the section of the article of the Penal Code referred to, it makes it unlawful to operate or drive any motor or other vehicle within the corporate limits of any incorporated city or town at a greater rate of speed than twenty miles an hour.

We think the charge is not open to the objection made, as all of the facts pleaded, or necessary to be pleaded, are found in the issue as submitted. The case here is easily distinguishable in the facts from the cases referred to.

Under the state law and under the ordinance of the city of Dallas, and under the undisputed facts of the case, it was plaintiff in error's duty at the place of the collision to yield the right of way to the street car. The court, however, submitted the issue to the jury and, in connection therewith, the issue of proximate cause. The jury found both issues against plaintiff in error. 30 Tex.Juris. p. 754, par. 88, and cases there cited.

The jury found under the evidence other issues submitted against plaintiff in error. We need not refer to them. Plaintiff in error submits other propositions not discussed. We have considered each of them, but under the issues as found such other issues not discussed would not have the effect, as we view it, to reverse the judgment rendered, and they are overruled.

The case is affirmed.